## CONNORS v. CRANFORD CO.

(Supreme Court, Appellate Division, Second Department. October 6, 1911.)

1. MASTER AND SERVANT (§ 278*)—INJURIES—SUFFICIENCY OF EVIDENCE—
   KNOWLEDGE OF DANGER.
       In a servant's action for injuries by jumping on a spike protruding
   in a runway while trying to get out of the way of a falling derrick,
   evidence *held* not to show how long the spike had been in the plank.
       [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 278.*]

2. MASTER AND SERVANT (§.125*)—NEGLIGENCE—KNOWLEDGE OF DANGER.
       An employer is not liable for injuries to a servant by jumping on a
   nail in a runway at the place of work, where it is not shown that the
   employer knew of the nail, or how long it had been there.
       [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
   243–251; Dec. Dig. § 125.*]

Appeal from Trial Term, Richmond County.
Action by William Connors against the Cranford Company. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

E. Clyde Sherwood (Joseph F. Murray, on the brief), for appellant.
Clifford L. Beare, for respondent.

HIRSCHBERG, J. The plaintiff's recovery is for damages occasioned by personal injuries alleged to have been sustained by him while working in the employ of the defendant. The accident occurred on the 29th of May, 1909. The defendant was engaged at the time in doing certain work in connection with the construction of a subway under Centre street, in the borough of Manhattan. In the prosecution of the work it employed structural iron workers, the plaintiff being an assistant foreman having several men under him whose work he directed. This gang was engaged at the time of the accident in placing iron beams in position, which beams were designed to form the roof of the subway, and in the work they were using a derrick which rested on planks placed on top of the subway; the derrick being moved along on iron rollers as the work progressed. The excavation for the subway was on the west side of Centre street, inside of the city sidewalk, and the roof of the subway, where the men were working, was four or five feet below. Running parallel with the subway on the side toward the building line and about $2\frac{1}{2}$ feet below the planks on which the derrick was placed was a platform or runway, about four feet wide, made of two-inch planks, which had been constructed for the workmen to carry materials over and for the use of the laborers. This platform had been there at least three months and possibly six months before the accident, and was apparently in constant daily use.

At about 2 o'clock in the afternoon of May 29th, while the plaintiff and his gang were moving the derrick along the planks on which it rested, it chanced to lean in such a way that the plaintiff thought it was about to fall. He halloed to the men to stop in their work of moving it, and jumped down on the runway. In so doing, he jumped upon a nail or spike, which had been driven up through the plank in such a manner that it protruded an inch or more, which, entering his foot, caused the injuries of which he complains. There was no evidence tending to indicate how long the nail had been in the plank, but the learned counsel for the respondent seeks to support the judgment recovered, on the theory that the thickness of the plank and the size and position of the nail of themselves tend to indicate that the plank had been used with the spike in it in some other construction work previous to the building of the runway, and that it is to be inferred that the plank with the nail in it was used in that condition at the time the platform or runway was built. The law of negligence does not permit the defendant's liability to rest upon inference merely. It must be established by proof.

[1] No circumstances were disclosed by the evidence showing the appearance of the nail or spike, or of the wood around it, from which a period of duration could be deduced. None of the many workmen had ever seen it, although the platform was in constant daily use; and, as the learned trial justice said in response to a request on the subject made by counsel for the respondent, "there is no evidence here as to how long it had been there." Nevertheless he left it to the jury to determine without such evidence this controlling question, telling them, to quote his precise words:

"You will have to form your own judgment from the testimony as to how long the nail had been in that position considering it·was from the bottom of the plank projecting out to the top."

[2] While the facts in the case of Idel v. Mitchell, 158 N. Y. 134, 138, 52 N. E. 740, 741, differ somewhat, the principle controlling the result is the same. In that case it was held that, to warrant a recovery from the owner by the tenant of a building for personal injury caused by a protruding nail in a stair, the evidence must establish either that prior to the accident the defendant knew of the protrusion of the nail, or that it had protruded for such a length of time that he should have known of it. In other words, it must have been proved that the injury was due to the fault of the defendant. The court said:

"Such fault would have been shown had the plaintiff proved that prior to the accident the defendant or his agent had knowledge of the protrusion of the nail, or that it had been in that situation for such a length of time that the defendant should have known of it. But it was not proved that any one ever saw this nail prior to the happening of the accident. For aught that appears in the testimony, it may have been either partly driven into or pulled out of the step within 15 minutes prior to the accident. It may have been there longer, but whether it was or not the evidence does not disclose; that it had been there longer there is evidence from which a guess might be hazarded, but it would be a mere guess, and guesses have not as yet been, in terms, held to be a proper substitute for proof."

The judgment and order must be reversed.

Judgment and order reversed and new trial granted, costs to abide the event. All concur.